IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| WILDEARTH GUARDIANS, )<br>)<br>    Plaintiff, )<br>) Civil No. _____<br>vs. )<br>)<br>UNITED STATES FISH AND WILDLIFE )<br>SERVICE, an agency of the United States )<br>Department of the Interior, )<br>)<br>    Defendant. )<br>) | |

## **COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**

### I.  **Preliminary Statement**

1. This is an action under the Freedom of Information Act ("FOIA"), 5 U.S.C. §552 et seq., to compel the United States Fish and Wildlife Service ("USFWS"), an agency of the United States Department of the Interior, to produce documents and records concerning its activities, operations, investigations, consultations, and intra-governmental communications in connection with the Middle Rio Grande.

2. Plaintiff WildEarth Guardians is a New Mexico not-for-profit corporation devoted to research, public education, and advocacy on environmental issues of public importance, including but not limited to the management of public lands and resources, the protection of the natural beneficial values of watersheds, and the conservation of wildlife.

3. WildEarth Guardians requested the documents and records that are the subject of this lawsuit in furtherance of its objective of assuring that the public is informed regarding the various ways in which government activities and operations affect wildlife resources in the Middle Rio Grande ecosystem, including particularly (1) the USFWS's communications with the United States Army Corps of Engineers and the United States Bureau of Reclamation regarding Endangered Species Act issues affecting the federal government's Middle Rio Grande management and (2) the USFWS's ownership, maintenance, and/or control of physical facilities along the Middle Rio Grande.

4. WildEarth Guardians requested the subject documents and records in two FOIA requests: one on March 20, 2015 and another on May 4, 2015. The USFWS has acknowledged receipt of both of these FOIA requests, but has heretofore failed to provide any documents that are responsive to the FOIA requests or to indicate that there are no such responsive documents.

5. To comply with FOIA's requirement that responsive documents be produced in response to a request within 20 working days (except in certain circumstances not applicable here), the USWFS should have produced the information that WildEarth Guardians requested in the March 20, 2015 FOIA request by no later than April 17, 2015, and the information that WildEarth Guardians requested in the May 4, 2015 FOIA request by no later than June 1, 2015.

6. In this civil action, WildEarth Guardians seeks a court order (1) declaring that the USFWS's failure to respond to WildEarth Guardians' request for documents and records violates the FOIA and (2) enjoining the USFWS to produce the requested documents and records. 5 U.S.C. §552(a)(4)(B).

## II. Jurisdiction and Venue

7.     This Court has jurisdiction over this action under 5 U.S.C. §522(a)(4)(B) (FOIA), 28 U.S.C. §1331 (federal question jurisdiction), 28 U.S.C. §1361 (mandamus), 28 U.S.C. §§2201-2202 (declaratory and injunctive relief), and 5 U.S.C. §704 (APA provision for judicial review).

8.     Venue in this Court is proper under 5 U.S.C. §522(a)(4)(B) (FOIA) because WildEarth Guardians is a New Mexico not-for-profit corporation with its principal place of business in New Mexico and under 28 U.S.C. §1391(e) because this is an action against an agency of the United States and because the cause of action arises in New Mexico.

## III. Parties

9.     Plaintiff WildEarth Guardians is a non-profit conservation organization with its primary place of business in Santa Fe, New Mexico.  WildEarth Guardians has approximately 7,500 members nation-wide.  WildEarth Guardians is dedicated to protecting and restoring wildlife, wild rivers, and wild places in the United States.  In part, WildEarth Guardians works in furtherance of its goals by acquiring information regarding federal programs and activities through the federal Freedom of Information Act.  WildEarth Guardians then compiles and analyzes that information and, subsequently, disseminates that information to its membership, the general public, and public officials through publications, reports, its website and newsletter, general news media coverage, and public presentations.  WildEarth Guardians' successful efforts at educating the public on issues concerning federal government program and activities that affect the environment contribute significantly to the public's understanding of governmental operations and activities.   WildEarth Guardians also uses the information that it acquires through

FOIA to participate in federal decision making processes, to file administrative appeals and civil actions, and generally to ensure that federal agencies comply with federal environmental laws. WildEarth Guardians and its members are directly injured by the USFWS's failure to comply with the statutory requirements of FOIA and a favorable outcome of this litigation will redress that injury. WildEarth Guardians bring this action on behalf of itself, its staff, and its members.

10. Defendant USFWS is an agency of the United State Department of the Interior. As a federal agency, the USFWS is obligated to comply with the mandatory requirements of FOIA and is sued in this action in connection with its failure to comply with its statutory duties under the FOIA.

### IV.  Facts

11. The United States Supreme Court has held that the FOIA establishes a "strong presumption in favor of disclosure" and that "disclosure, not secrecy, is the dominant objective of the Act."

**A.  March 20, 2015 FOIA request – (FWS-2015-00857)**

12. In pursuit of its organizational objectives, WildEarth Guardians submitted a FOIA request to the USFWS's FOIA coordinator in Albuquerque, New Mexico on March 20, 2015 requesting specifically identified information concerning communications with the United States Army Corps of Engineers between February 15, 2013 and June 13, 2014 regarding Endangered Species Act compliance in connection with its Middle Rio Grande operations.

13. In the FOIA request itself, WildEarth Guardians requested acknowledgment of receipt of the request. Not having heard anything from the FWS in response to the request by April 30,

2015, WildEarth Guardians wrote to the FOIA coordinator on that date, requesting confirmation of receipt and information as to the status of the request.

14.     On May 1, 2015, the USFWS's FOIA coordinator contacted WildEarth Guardians by e-mail and apologized for the delayed response.  The FOIA coordinator further indicated that she had not received the FOIA request, and she asked that it be resent.  On that same day, WildEarth Guardians re-sent the March 20, 2015 FOIA request to the USFWS's FOIA coordinator.

15.     On May 4, 2015, WildEarth Guardians received acknowledgment of the FOIA request, and was informed that the tracking number of the request would be "FWS-2015-00857."

16.     Since that date, WildEarth Guardians has not received any documents that are responsive to this request, or an indication that there are no such responsive documents.

A.      **May 4, 2015 FOIA request – (FWS-2015-00871)**

17.     Also in pursuit of its organizational objectives, WildEarth Guardians submitted a FOIA request to the USFWS's FOIA coordinator in Albuquerque, New Mexico on March 20, 2015 requesting specifically identified information concerning consultations and communications with the United States Army Corps of Engineers and the United States Bureau of Reclamation regarding Endangered Species Act compliance in connection with its Middle Rio Grande operations, as well as specifically identified information concerning the USFWS's ownership, maintenance, and/or control of physical facilities in the Middle Rio Grande.

18.     On May 5, 2015, WildEarth Guardians received acknowledgment of the FOIA request, and was informed that the tracking number of the request would be "FWS-2015-00871."

19.     Since that date, WildEarth Guardians has not received any documents that are responsive to this request, or an indication that there are no such responsive documents.

C.     **WildEarth Guardians' good faith efforts to resolve this issue**

20.     Pursuant to the FOIA and to United States Department of the Interior regulations implementing the FOIA, the USFWS had a period 20 working days to respond to the subject FOIA requests following receipt of the requests.  5 U.S.C. §552(a)(6)(A)(i), 43 C.F.R. § 2.16.

21.     On June 2, 2015 when the 20 day deadline had passed for both of the requests, WildEarth Guardians wrote an e-mail to the USFWS's FOIA coordinator requesting information as to the status of both requests.

22.     On June 4, 2015, WildEarth Guardians received a response to the June 2 correspondence which stated that the requests had been forwarded to the USFWS's New Mexico Field Office for processing, and that further information as to the timeline for production would be provided shortly.

23.     Two months elapsed without further communication from the USFWS.  Accordingly, WildEarth Guardians again wrote to the USFWS on August 6, 2015 asking for information as to the status of both FOIA requests.

24.     On August 7, 2015 the USFWS responded to the August 6 e-mail, and stated that responsive materials had been compiled but that because of "some technical issues with some files" the production of responsive documents would be delayed for a further 10 days.

25.     By September 21, 2015, WildEarth Guardians had had no further communication from the USFWS regarding the FOIA requests.  The USFWS did not request an additional period of time beyond the ten days that it had referred to in its August 7, 2015 correspondence, and neither did the USFWS send any documents in response to the FOIA requests.  Accordingly, on that date

WildEarth Guardians sent yet another correspondence to the USFWS noting that the USFWS had not yet provided any responsive materials to either FOIA request.

26. Seven months later, the USFWS had still not provided any documents that were responsive to either FOIA request, nor had it indicated to WildEarth Guardians that it required additional time to respond to the request. Accordingly, on April 20, 2016, WildEarh Guardians wrote an e-mail to the USFWS regarding the status of the requests, and additionally left a voice mail with the USFWS regarding the agency's failure to comply with the FOIA's time limits in connection with the requests.

27. Two days later, on April 22, 2016, WildEarth Guardians received correspondence from the USFWS confirming that it had not sent a response to either the March 20, 2015 FOIA request or the May 4, 2015 FOIA request. The correspondence, again, indicated that the USFWS's FOIA office had received "responsive documents from the field office," but that they needed "to be reviewed and processed." Finally, the correspondence indicated that because of the FOIA officer's vacation schedule, a further delay of at least two weeks would occur before responsive documents could be produced.

28. That same day, on April 22, 2016, WildEarth Guardians responded to the USFWS's correspondence, and expressed its frustration that the USFWS had delayed so long in providing responsive documents. In that correspondence, WildEarth Guardians requested that the responsive materials be produced by no later than May 10, 2016 – fully a year after WildEarth Guardians' submission of the second FOIA request and fourteen months after WildEarth Guardians' submission of the first FOIA request.

29.     By May 18, 2016, WildEarth Guardians had no further communications from the USFWS regarding the two subject FOIA requests, and sent an e-mail in which – for the first time – raised the possibility of commencing litigation if it did not receive a response to the FOIA requests by the end of the month.

30.     To date, the USFWS has not responded to WildEarth Guardians' correspondence of April 22, 2016 or May 18, 2016, or provided any further information as to the status of the FOIA requests and when it can expect to receive responsive materials.

31.     The only exception to the FOIA's 20 day period for response is a limited exception for "unusual circumstances" that are specifically and narrowly defined in the FOIA.  5 U.S.C. §552(a)(6)(B).

32.     The USFWS has not claimed that there are any "unusual circumstances," as those circumstances are specifically and narrowly defined in the FOIA.

33.     There are no "unusual circumstances" present in this case, as those circumstances are specifically and narrowly defined in the FOIA.

34.     The FOIA's exception for "unusual circumstances" is not applicable in this case since "unusual circumstances" do not exist, and since the policy of the United States Department of the Interior is to inform FOIA requesters of the "unusual circumstances" within the initial 20 day period follow receipt of the request if the receiving agency believes that the exception is available in a given situation.  43 C.F.R. §2.19(a)(1).

35.     As of the date of the filing of this Complaint, the USFWS has not produced a single responsive document.

36.     The USFWS's failure to provide a full and adequate response to WildEarth Guardians' March 20, 2015 and May 4, 2015 FOIA requests constitutes a violation of the FOIA and frustrates WildEarth Guardians' pursuit of its objective to educate its members, the public, and decision makers as to the environmental effects of federal government programs and activities.

## V.  Causes of Action

### First Cause of Action

(Violations of the mandatory requirements of FOIA)

37.     WildEarth Guardians incorporates the preceding paragraphs by reference as if fully set out herein.

38.     The USFWS has violated FOIA by failing to provide WildEarth Guardians with a full and adequate response to its March 20, 2015 and May 4, 2015 FOIA requests.

## VI.  Request for Relief

WHEREFORE, WildEarth Guardians request that this Court:

39.     Declare unlawful the USFWS's failure to provide a full and adequate response to WildEarth Guardians' requests for documents and records.

40.     Order the USFWS to produce immediately the documents and records requested by WildEarth Guardians.

41.     Award WildEarth Guardians its reasonable attorney fees and costs incurred in prosecuting this civil action.  5 U.S.C. §552(a)(4)(E), 28 U.S.C. §2412(d)(1)(B).

42.     Grant such other and further relief as the Court deems just and proper.

Dated: August 18, 2016                 Respectfully submitted,

　　　　　　　　　　　　　　　　_/s/ Steven Sugarman_
　　　　　　　　　　　　　　　Steven Sugarman
　　　　　　　　　　　　　　　347 County Road 55A
　　　　　　　　　　　　　　　Cerrillos, NM 87010
　　　　　　　　　　　　　　　Telephone: (505) 672-5082

　　　　　　　　　　　　　　　Attorney for Plaintiff WildEarth Guardians